IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SAM BRANNEN,<br>    Plaintiff,<br><br>                v.<br><br>ERIC ISOM, individually; CHRIS KERNAHAN, individually; and the GEORGIA DEPARTMENT OF NATURAL RESOURCES,<br>    Defendants. | Civil Action No.<br>1:19-cv-02913-SDG |

## ORDER

This matter is before the Court on Defendants Eric Isom, Chris Kernahan, and the Georgia Department of Natural Resources' ("DNR") motion to dismiss Counts II through VIII of Plaintiff Sam Brannen's Amended Complaint [ECF 15]. For the following reasons, Defendants' motion is **GRANTED.**

## I.   BACKGROUND

The following facts are treated as true for purposes of this motion.[1] Brannen and his wife were traveling in a rented boat on Lake Lanier in Hall County,

---

[1] *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1274 (11th Cir. 1999) ("At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff.").

Georgia.[2] Brannen's wife operated the boat and Brannen was the only passenger.[3] While traveling at a speed sufficient to create a wake, Brannen's wife steered the boat into an area designated as a no-wake zone.[4] Brannen's wife had an open beer on the passenger side dash, and the two had consumed alcohol earlier in the day.[5]

At this point, DNR officers drove their boat behind Brannen's boat, engaged their boat's siren, and demanded that Brannen and his wife stop.[6] Officer Isom requested that Brannen come aboard the DNR boat, where Isom administered a variety of field sobriety tests to Brannen.[7] Isom then requested that Brannen blow into an "Alco-Sensor"—a device manufactured to gauge an individual's blood-alcohol content.[8] Brannen complied and blew into the device four times, the last of which reported a "negative" reading and blood-alcohol level of .000.[9]

---

[2] ECF 6, ¶¶ 6, 9, 11. Brannen's Amended Complaint lists the date of incident as "July 8, 2019;" however, this appears to be a typographical error because this case was initiated on June 25, 2019. ECF 1.

[3] ECF 6, ¶ 10. Brannen alleges he did not operate the boat near the time the events in question occurred [*Id.* ¶¶ 24, 28].

[4] *Id.* ¶¶ 12–14.

[5] *Id.* ¶¶ 16, 19–20.

[6] *Id.* ¶¶ 16–18, 25.

[7] *Id.* ¶¶ 19–22, 27.

[8] *Id.* ¶ 31.

[9] *Id.* ¶¶ 32–34.

Isom then placed Brannen under arrest for operating a vessel under the influence and above idle speed in a no wake zone.[10] Isom ferried Brannen to the dock, removed him from the DNR boat, and transported him to the Northeast Georgia Medical Center for further tests.[11] After completing the tests, Isom transported Brannen to the Hall County Detention Center.[12]

After his release, Brannen obtained copies of the Summons, Accusations, and Citations relating to the incident. Brannen also received the results of his blood tests, which were negative for intoxicants.[13] Defendants required that Brannen's blood be retested; however, the result remained negative for intoxicants.[14] On February 2, 2018, the charges against Brannen were dismissed prior to his indictment or arraignment.[15]

Brannen initiated this action on June 25, 2019.[16] On June 28, 2019, Brannen filed the Amended Complaint, asserting eight causes of action against Isom,

---

[10]  *Id.* ¶¶ 36.

[11]  *Id.* ¶¶ 41, 45, 51, 55.

[12]  *Id.* ¶¶ 56–62.

[13]  *Id.* ¶ 75, 77.

[14]  *Id.* ¶¶ 78–79.

[15]  *Id.* ¶ 80.

[16]  ECF 1.

Kernahan, and the DNR.[17] Counts one and two contain claims under 42 U.S.C. § 1983 against Isom and Kernahan for, respectively, unlawful seizure and malicious prosecution in violation of the Fourth Amendment.[18] Counts three through five make claims under Georgia state law against the DNR for malicious arrest (O.C.G.A. § 51-7-1), malicious prosecution (O.C.G.A. § 51-7-40), and false imprisonment (O.C.G.A. § 51-7-20).[19] Counts six through eight identify Brannen's sought-after remedies for lost earnings, attorneys' fees, and punitive damages.[20] On August 9, 2019, Defendants filed the instant Motion to Dismiss all claims except Count One.[21] Brannen filed a response on August 24, 2019.[22] Defendants filed a reply on September 9, 2019.[23]

---

[17] ECF 6, ¶¶ 3–5.

[18] *Id.* ¶¶ 82–93.

[19] *Id.* ¶¶ 94–108.

[20] *Id.* ¶¶ 109–19. Although Brannen is representing himself *pro se*, he seeks attorneys' fees because he "intends to have independent counsel assist in his representation at the trial of this case." [ECF 19, at 13.]

[21] ECF 15.

[22] ECF 19.

[23] ECF 21.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this standard does not require "detailed factual allegations," the Supreme Court has held that "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To withstand a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Am. Dental Ass'n v. Cigna Corp.*, 605 F. 3d 1283, 1289 (11th Cir. 2010) (*quoting Twombly*, 550 U.S. at 570). A complaint is plausible on its face when a plaintiff pleads sufficient factual content for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. *Id.* (*citing Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. A complaint must also present sufficient facts to "'raise a reasonable expectation that discovery will reveal evidence' of the claim." *Am. Dental Ass'n*, 605 F.3d at 1289 (*quoting Twombly*, 550 U.S. at 556).

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011) (*quoting Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)). This principle, however, does not apply to legal conclusions. *Iqbal*, 556 U.S. at 678.

### III. ANALYSIS

#### a. Brannen Fails to State a Claim for Malicious Prosecution Under Federal Law (Count II).

The Eleventh Circuit "has identified malicious prosecution as a violation of the Fourth Amendment and a viable constitutional tort cognizable under [28 U.S.C.] § 1983." *Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003). "To establish a federal malicious prosecution claim under § 1983, a plaintiff must prove (1) the elements of the common law tort of malicious prosecution, and (2) a violation of her Fourth Amendment right to be free from unreasonable seizures." *Kingsland v. City of Miami*, 382 F.3d 1220, 1234 (11th Cir. 2004) (*citing Wood*, 323 F.3d at 881). Under Georgia law, "the constituent elements of the common law tort of malicious prosecution include[ ]: (1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused."

*Wood*, 323 F.3d at 881–82 (*citing Uboh v. Reno*, 141 F.3d 1000, 1002–04 (11th Cir. 1998)).

For malicious prosecution, a plaintiff "must prove that he was seized in relation to the prosecution, in violation of [his] constitutional rights." *Donley v. City of Morrow, Georgia*, 601 F. App'x 805, 813 (11th Cir. 2015). A necessary element of a "common law malicious prosecution claim is the commencement or continuation of a judicial proceeding." *Eloy v. Guillot*, 289 F. App'x 339, 345 (11th Cir. 2008). *See also Whiting v. Traylor*, 85 F.3d 581, 584 (11th Cir. 1996) (describing malicious prosecution claim as one "where the plaintiff, as part of the commencement of a criminal proceeding, has been unlawfully and forcibly restrained in violation of the Fourth Amendment and injuries, due to that seizure, follow as the prosecution goes ahead.").

In *Kingsland*, the Eleventh Circuit held:

> In the case of a warrantless arrest, ***the judicial proceeding does not begin until the party is arraigned or indicted.*** Thus, the plaintiff's arrest cannot serve as the predicate deprivation of liberty because it occurred prior to the time of arraignment, and was not one that arose from malicious prosecution as opposed to false arrest.

382 F.3d at 1235 (internal citations omitted) (emphasis added). Apart from an arraignment or indictment, the "normal conditions of pretrial release, such as bond and a summons to appear, do not constitute a seizure, barring some

significant, ongoing deprivation of liberty, such as a restriction on the defendant's right to travel interstate." *Donley*, 601 F. App'x at 813 (*citing Kingsland*, 382 F.3d at 1236).

Accordingly, under binding Eleventh Circuit precedent, Brannen did not suffer a Fourth Amendment "seizure." It is undisputed that Brannen was arrested without a warrant. However, Count II is not a claim for false arrest—it is a malicious prosecution claim. Brannen's warrantless arrest alone cannot serve as the predicate for a malicious prosecution claim. *Kingsland*, 382 F.3d at 1235. Brannen concedes the criminal charges against him were dismissed "prior to arraignment."[24] Nor was Brannen indicted for the charges. These facts are fatal to his claim. *Cottam v. City of Wildwood*, 750 F. App'x 791, 795 (11th Cir. 2018) ("Cottam was never arraigned or indicted, but was merely arrested. Accordingly, the district court properly granted summary judgment against Cottam's malicious-prosecution claim because Cottam was never seized in violation of his constitutional rights.").

Moreover, the conditions of Brannen's pretrial release do not constitute a "seizure." Brannen was released on bond and never again detained. There is no

---

[24] ECF 6, ¶ 80.

indication Brannen's right to travel interstate was otherwise inhibited. *See Donley*, 601 F. App'x at 813 ("[T]he normal conditions of pretrial release, such as bond and a summons to appear, do not constitute a seizure."). Even if he had been arraigned, this alone would not have created a seizure under the Fourth Amendment. *See Abercrombie v. Beam*, 728 F. App'x 918, 927 (11th Cir. 2018). There are no allegations that Brannen was required to submit himself to the State of Georgia in relation to the pending criminal charges after his release from the initial detention. The only allegation suggesting further state involvement is that the Hall County District Attorney's office maintained an outstanding Summons for Brannen while his blood was tested for intoxicants. This is insufficient to constitute a seizure. *Kingsland*, 382 F.3d at 1236 ("Though a summons may impose a burden, a defendant summoned to appear in a criminal case faces no greater restraint than the person summoned for any number of a host of civic responsibilities.") (*quoting Myers v. Shaver*, 245 F. Supp. 2d 805, 812 (W.D. Va. 2003)).

Recognizing this barrier, Brannen asks the Court to adopt the "continuing seizure" doctrine articulated in Justice Ginsburg's concurrence in *Albright v. Oliver*, 510 U.S. 266, 276–79 (1994).[25] This doctrine stands for the proposition that a

---

[25] *Albright* was a heavily fractured, plurality decision. Justice Ginsburg was the sole Justice who signed on to her concurring opinion.

criminal defendant may remain "continually seized" when facing a pending prosecution, even if he was never formally arrested. *Id.*

However, as Brannen acknowledges, the Eleventh Circuit has explicitly rejected the "continually seized" doctrine:

> While we sympathize with Kingsland's anxiety and inconvenience, assuming the facts in her complaint to be true, we cannot go so far as to say that the conditions of her pretrial release—which did not constitute a significant deprivation of liberty—constituted a seizure violative of the Fourth Amendment. Because Kingsland cannot prove a violation of her Fourth Amendment right to be free from unreasonable seizures, she does not have a cognizable claim for malicious prosecution.

*Kingsland*, 382 F.3d at 1236.

Likewise, while the Court acknowledges that Brannen may have encountered certain hardships due to the pendency of the criminal charges, such hardships do not create a seizure and his § 1983 claim is foreclosed by *Kingsland*. Moreover, courts in this Circuit have found this precise issue to be ripe for adjudication on a motion to dismiss. *See, e.g., Christman v. Holmes*, 448 F. App'x 869, 872 (11th Cir. 2011); *Anderson v. City of Groveland*, No. 5:15-CV-26-OC-30PRL, 2015 WL 6704516, at *8 (M.D. Fla. Nov. 2, 2015); *Bijou v. Rambosk*, No. 2:14-CV-517-FTM-29, 2015 WL 2365809, at *2 (M.D. Fla. May 18, 2015).

Therefore, because Brannen cannot demonstrate that he was "seized" for the purposes of a Fourth Amendment malicious prosecution claim, Count II must be dismissed. As such, the Court need not reach Defendants' arguments regarding qualified immunity.

### b.     Brannen Has Abandoned His State Law Claims (Counts III-V).

Brannen also asserted causes of action against the DNR for malicious arrest (Count III), malicious prosecution (Count IV), and false imprisonment (Count V) under Georgia law.[26] The DNR moved to dismiss these counts based on the Eleventh Amendment and the doctrine of sovereign immunity.[27] In response, Brannen withdrew these causes if action.[28] Brannen acknowledges that "the state law claims alleged are not cognizable in this Court because as a state agency the Department of Natural Resources is entitled to Eleventh Amendment Immunity."[29] Since Brannen has abandoned these claims, they must be dismissed.

---

[26]   ECF 6, at 22–25.

[27]   ECF 15, at 5–10.

[28]   ECF 19, at 11–12.

[29]   *Id.* at 11–12.

### c. Brannen's Desired Remedies Are Not Cognizable as Stand-Alone Causes of Action (Counts VI-VIII).

The Amended Complaint contains, as independent causes of action, counts for lost earnings (Count VI), attorneys' fees (Count VII), and punitive damages (Count VIII).[30] Defendants request dismissal of these Counts because "they operate more as measures of damages rather than separate causes of action."[31] The Court agrees.

### *i.* Brannen's Claim for Lost Earnings Must Be Dismissed (Count VI).

Lost earnings are a type of compensatory remedy for a cognizable underlying injury. *Jones v. O'Day*, 303 Ga. App. 159, 161 (2010). They are appropriate when a plaintiff "suffers an injury to his person or property by the tort of another and is, as a result, unable for a time to practice his profession or occupation." *French v. Dilleshaw*, 313 Ga. App. 834, 836 (2012). While a plaintiff is required "to prove these lost earnings with reasonable certainty," such damages are dependent on the success of an underlying tort and need not be pled as an independent count. *Id.* at 837. Brannen's reliance on *McAlister-Jones v. Foote* is misplaced, as that case stands for the proposition that a plaintiff must make a

---

[30]  ECF 6, at 25–28.

[31]  ECF 15, at 10.

defendant aware that he or she is seeking to recover lost wages, not that lost wages are appropriately pled as a separate cause of action. 720 F. App'x 971, 974–75 (11th Cir. 2017). Merely articulating a request for such an award as a remedy in the prayer for relief is sufficient to place Defendants on proper notice. Thus, Brannen's stand-alone cause of action for lost earnings (Count VI) is dismissed.

### ii. Brannen's Claim for Attorneys' Fees Must Be Dismissed (Count VII).

Georgia law permits an award of attorneys' fees in certain circumstances. O.C.G.A. § 13-6-11. Georgia courts are clear that this statute "does not create an independent cause of action but merely permits in certain limited circumstances the recovery of expenses of litigation incurred as an additional element of damages." *Tri-State Consumer Ins. Co. v. LexisNexis Risk Sols., Inc.*, 858 F. Supp. 2d 1359, 1371 (N.D. Ga. 2012). *See also Elliott v. Specialized Loan Servicing, LLC*, No. 1:16-CV-4804-TWT-JKL, 2017 WL 3327087, at *17 (N.D. Ga. July 10, 2017), *report and recommendation adopted*, No. 1:16-CV-4804-TWT, 2017 WL 3315243 (N.D. Ga. Aug. 3, 2017) ("As a technical matter, neither punitive damages nor attorney fees under O.C.G.A. § 13-6-11 are independent causes of action."); *Jane Doe No. 1 v. Fulton-DeKalb Hosp. Auth.*, No. 1:05-CV-2277-TWT, 2007 WL 3027393, at *6 (N.D. Ga. Oct. 12, 2007) ("O.C.G.A. § 13-6-11 . . . does not provide a separate cause of action, only additional relief for wrongs committed against the

claimant."). Thus, Brannen's stand-alone cause of action for attorneys' fees (Count VII) is dismissed.[32]

### iii. Brannen's Stand-Alone Claim for Punitive Damages Must Be Dismissed (Count VIII).

Like a claim for attorneys' fees, Georgia courts have held that "a prayer for punitive damages is not an independent cause of action." *Byrne v. Nezhat*, 261 F.3d 1075, 1093 n.34 (11th Cir. 2001) (abrogated on other grounds). *See also Massey v. Kelly, Inc.*, 742 F. Supp. 1156, 1158 (N.D. Ga. 1990) ("[T]he Georgia statute for punitive damages is not grounds for an independent cause of action."). "Instead, certain causes of action, such as intentional torts, may provide for the recovery of punitive as well as compensatory damages." *Byrne*, 261 F.3d at 1093 n.34. Thus,

---

[32] Defendants argue that Brannen, as a *pro se* litigant, is not entitled to an award of attorneys' fees even if he eventually prevails in this action [ECF 15, at 11]. Brannen agrees with this proposition, but argues that he is entitled to recover other costs of litigation, and that he intends to retain counsel to assist with his representation should this case proceed to trial [ECF 19, at 12-13]. This issue is not yet ripe for the Court's adjudication. The Court's dismissal of Brannen's independent cause of action for attorneys' fees does not preclude Brannen from seeking such damages should he prevail on his remaining claim.

Brannen's stand-alone cause of action for punitive damages (Count VIII) is dismissed.[33]

## IV. CONCLUSION

Defendants' Motion to Dismiss [ECF 15] is **GRANTED.** Counts II through VIII of the Amended Complaint are **DISMISSED**.

Defendants shall file their answer to the remaining portions of the Amended Complaint within 21 days after entry of this Order. The parties shall conduct their Rule 26(f) conference within 14 days from the date Defendants file their answer. The parties shall serve their initial disclosures and submit a Joint Preliminary Report and Discovery Plan within 30 days from the date Defendants file their answer. Discovery will commence 30 days after Defendants file their answer.

**SO ORDERED** this the 22nd day of January 2020.

_____
Steven D. Grimberg
United States District Court Judge

---

[33] Since the Georgia statute permitting the recovery of punitive damages (O.C.G.A. § 51-12-5.1(b)) applies only to "tort actions," and Brannen has abandoned his state law tort claims, Brannen is not entitled to pursue state law punitive damages. Brannen may, however, pursue punitive damages under his remaining federal law claim, if warranted.